IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-2278-D

| | | |
|---|---|---|
| GREGORY REEVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN DAVID RICH, | ) | |
| | ) | |
| Respondent. | ) | |

Gregory Reeves ("Reeves" or "petitioner"), a former federal inmate proceeding pro se, seeks additional credit against his sentence under the First Step Act through a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On February 20, 2024, the court allowed the petition to proceed [D.E. 4]. On March 7, 2024, respondent moved to dismiss the petition for lack of jurisdiction [D.E. 7] and filed a memorandum in support [D.E. 8]. The same day, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Reeves about the motion to dismiss, the consequences of failing to respond, and the March 28, 2024, response deadline [D.E. 9]. Reeves did not respond. As explained below, the court grants respondent's motion to dismiss.

I.

On December 16, 2015, Reeves pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. See United States v. Reeves, No. 7:15-CR-47-1, 2022 WL 72780, at *1 (W.D. Va. Jan. 7, 2022)

(unpublished). On July 22, 2016, the court sentenced Reeves to 120 months' imprisonment and three years' supervised release. See [D.E. 1-1] 1; Reeves, 2022 WL 72780, at *1. On December 13, 2023, the Bureau of Prisons placed Reeves in a halfway house. See [D.E. 3]. On June 12, 2024, Reeves completed his prison sentence. See [D.E. 8] 2.

Respondent contends that the petition is moot. See [D.E. 8] 6–11. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside of the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647; Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

The court lacks jurisdiction if there is no longer a live case or controversy. See U.S. Const. art. III, § 2; Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013); Powell v. McCormack, 395 U.S. 486, 496 (1969); Martineau v. Wier, 934 F.3d 385, 390 n.2 (4th Cir. 2019). There must be a live case or controversy through all stages of a federal judicial proceeding. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990).

2

An "incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer v. Kemna, 523 U.S. 1, 7 (1998). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Id.; see United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008).

Reeves's petition is moot in light of his release from incarceration because he does not raise any substantive challenge to his conviction or prison sentence, and "granting relief in this matter would have no effect on [his] term of supervised release." Cordell v. Warden, Alderson Prison Camp, No. 1:20-CV-542, 2021 WL 10445207, at *4–5 (S.D. W. Va. Sept. 23, 2021) (unpublished) (collecting cases), report and recommendation adopted, 2023 WL 2871655 (S.D. W. Va. Apr. 10, 2023) (unpublished); see United States v. Jackson, 952 F.3d 492, 498 (4th Cir. 2020); Palacio v. Sullivan, 814 F. App'x 774, 775 (4th Cir. 2020) (per curiam) (unpublished); Peters v. Carter, No. CV 23-237, 2024 WL 342900, at *5–6 (D. Md. Jan. 29, 2024) (unpublished). Thus, the court dismisses the petition as moot.

II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 7] and DISMISSES WITHOUT PREJUDICE petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk SHALL close the case.

3

SO ORDERED. This 23 day of October, 2024.

                                                          */s/ Dever*
                                        JAMES C. DEVER III
                                        United States District Judge

4

Case 5:23-hc-02278-D    Document 10    Filed 10/24/24    Page 4 of 4